IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONNY H. CANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-06-383-L |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security Administration (Commissioner) denying his applications for disability insurance and supplemental security income benefits. United States District Judge Tim Leonard has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. _____). Both parties have briefed their respective positions, and thus the matter is at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be affirmed.

**I.  PROCEDURAL HISTORY**

Plaintiff protectively filed his applications for disability insurance and supplemental security income benefits on July 29, 2002, alleging that he became disabled on January 23, 1999, due to seizures; head, neck, and shoulder pain; memory loss; blurred vision; blindness in the right eye; weakness; shakiness; nausea; confusion; sensitivity to heat and cold; "blood pressure"; and no smell, no taste. Tr. 61, 62-64, 85,

99, 338-39.[1]  The applications were denied on initial consideration and on reconsideration at the administrative level.  Tr. 25, 26, 27-29, 37-38, 340, 341-43, 344, 345-46.  Pursuant to Plaintiff's request, a hearing de novo was held before an administrative law judge on October 6, 2004.  Tr. 39-40, 367-402.  Plaintiff appeared in person with an attorney, and offered testimony in support of his applications.  Tr. 369, 370-89.  A vocational expert also appeared and testified at the request of the administrative law judge. Tr. 56-60, 389-401. The administrative law judge issued his decision on October 29, 2004, finding that Plaintiff was not disabled within the meaning of the Social Security Act and therefore was not entitled to either disability or supplemental security income benefits.  Tr. 15-17, 18-23.  The Appeals Council denied Plaintiff's request for review on February 24, 2006, and thus the decision of the administrative law judge became the final decision of the Commissioner.  Tr. 6-10.

## II.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it.  The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal.

---

[1] In his decision, the administrative law judge also noted that the medical records showed that Plaintiff suffers from insomnia, and considered this impairment as well in evaluating Plaintiff's applications.  Tr. 20.  The administrative law judge also noted that Plaintiff had previously applied for disability benefits, that the most recent application had been denied in April 2002, and that no previous determinations were being reopened or revised.  Tr. 18.

> Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751, n. 2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given his age, education, and work experience. Id. at 751.

### III. THE ADMINISTRATIVE LAW JUDGE'S DECISION

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. Tr. 19. He first found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date, and so he proceeded to the next steps in the sequential analysis. Tr. 20, 22. At steps two and three, the administrative law judge found that the medical evidence indicates that Plaintiff has a history of epilepsy following head injury; complaints of insomnia, complaints of memory loss; complaints of pain in the head, neck, and shoulders; and complaints of visual impairment, and that his impairments are severe but not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4. Tr. 20, 22. In

considering whether Plaintiff's impairments meet or equal any of the listed impairments, the administrative law judge stated that he considered all of the listings in Appendix 1, including those pertaining to neurological, musculoskeletal, visual, and mental impairments, and that particular attention was given the epilepsy listings.  Tr. 20, 22. At the fourth step of the sequential evaluation process, the administrative law judge found that Plaintiff had no exertional limitations, but that he should avoid exposure to unprotected heights and dangerous moving machinery, and should take other usual seizure precautions. Tr. 21, 22.  Based on this residual functional capacity, the administrative law judge found that Plaintiff could perform his past relevant work as a mail clerk, psychiatric aide, club manager, and union organizer/public relations representative as previously performed or generally performed in the national economy. Tr. 21, 22. Thus, the administrative law judge found that Plaintiff was not disabled and was not entitled to disability insurance or supplemental security income benefits. Tr. 22, 23.

**IV.  DISCUSSION**

Plaintiff raises one issue on appeal.  He claims that the administrative law judge committed legal error because he failed to fulfill his duty to develop the record by obtaining certain medical evidence. Plaintiff's Brief, p. 9. In particular, he contends that the administrative law judge had a duty to obtain Veteran's Administration (VA) records related to his 100% disability rating "because the need for these records was specifically brought to his attention at the hearing." He claims that he informed the administrative law judge that the VA had rated him at 100 percent nonservice connected disability,

explained he had been rated at this level for at least a year, yet the administrative law judge never requested his attorney to obtain this VA evidence.  Plaintiff also contends that other medical evidence appears to be missing from his administrative record, "[f]or example, Dr. Argentos's records and the records from Health for Friends …. although he informed the Social Security Administration he received treatment from both of these providers."  Plaintiff's Opening Brief, p. 10  (citing Tr. at 89). He conceded that these missing records were not specifically pointed out to the administrative law judge during the hearing, but contends that their absence "highlights the pervasive problem in [Plaintiff's] administrative record with the obvious absence of apparently relevant medical evidence."  Id.

The Commissioner responds that Plaintiff has the burden of proving disability, and that  Plaintiff has the responsibility for providing medical evidence, quoting 20 C.F.R. § 404.1512: "You (Plaintiff) must provide medical evidence showing that you have an impairment and how severe it is during the time you say that you are disabled."  Commissioner's Brief, p. 4.  The Commissioner continues that although the administrative law judge has a basic obligation to ascertain the facts relevant to his decision, and to learn the claimant's version of the facts, that duty does not require him to act as a claimant's advocate.  Id.  The Commissioner contends that Plaintiff was represented by an attorney at all stages of the administrative process, and was given notice and an opportunity to submit medical evidence on several occasions.  Id.  When counsel at the hearing was notified of the exhibits in the record and asked if the record needed to remain open for any reason, the Commissioner notes that Plaintiff's counsel

did not see a need to hold it open for any additional evidence. Id.  Furthermore, the Commissioner notes, when Plaintiff's attorney submitted additional evidence to the Appeals Council, it was only "a few more pages of treatment notes from the VA Hospital." Id. at 5.  Finally, the Commissioner claims that the administrative law judge accepted and considered the fact that Plaintiff was receiving VA disability benefits, and obtained and considered Plaintiff's actual medical records from the VA Medical Center. Id.

The administrative law judge must develop an adequate record relevant to the issues raised even when the claimant is represented by counsel.  Hawkins v. Chater, 113 F.3d 1162, 1168 (10th Cir. 1997).  This duty requires the administrative law judge to inform himself about "facts relevant to his decision and to learn the claimant's own version of those facts."  Casias v. Secretary of Health & Human Services, 933 F.2d 799, 801 (10th Cir. 1991). But the administrative law judge "does not have to exhaust every possible line of inquiry," as "[t]he standard is one of reasonable good judgment." Hawkins, 113 F.3d at 1168.  Where, as here, the claimant was represented by counsel before the administrative law judge, "the [administrative law judge] should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored."  Hawkins, 113 F.3d at 1167. Plaintiff's counsel did not request that the record remain open for purposes of providing any records, and counsel never indicated that there were any missing records or that he was having any difficulty obtaining records. Tr. 369. The remainder of Plaintiff's medical history is well documented, and although he indicates two items that were apparently

not included, he does not indicate what if anything of significance is missing from his records. The only thing specific which is mentioned is the matter of the VA disability rating, which he claims the administrative law judge stated that he would get. However, when one reviews the administrative law judge's comment in context, he was actually referring to getting specific information as to *how long* Plaintiff had been receiving a 100% nonservice related disability benefit:

> Q. $813, and do you remember what the, what the percentage is?
>
> A. 100 percent.
>
> Q. And how long has it been 100 percent?
>
> A. At least, I'd say a year.
>
> Q. About a year?
>
> A. Yes, sir.
>
> Q. Okay, I can probably get that information otherwise.
>
> A. Muskogee would have it.

Tr. 388-89. He did not, as Plaintiff asserts, state that he would obtain documents pertaining to the disability rating itself. Moreover, as the Commissioner points out, the VA *medical records* themselves, upon which the rating is based, are part of the administrative record. That fact distinguishes the instant case from Zevely v. Barnhart, No. 03-7058, 94 Fed. Appx. 722 (10th Cir. Apr. 2, 2004), a case which neither party cited, but in which the Tenth Circuit agreed with the plaintiff that the administrative law judge had breached his duty to develop the record by failing to obtain and consider evidence

*associated* with the VA disability rating.[2] The administrative law judge is not bound by the disability findings of the VA, see <u>Musgrave v. Sullivan</u>, 966 F.2d 1371, 1375 (10th Cir. 1992)(disability determinations by VA not binding on Commissioner), and so the administrative law judge's failure to acquire that rating when the records upon which the rating was based were before him, and neither Plaintiff nor his representative requested it, was not a violation of his duty to develop the record.[3] Furthermore, the administrative law judge here obviously did consider the fact that Plaintiff was receiving the 100% disability benefit from the VA, as he references the same disability amount Plaintiff testified to in the hearing. Finally, it should be noted that when Plaintiff and his representative had an opportunity after the decision was issued to offer additional evidence – after it was clear that the rating had not been obtained – they offered additional VA medical records but still did not offer the rating. Tr. 353-360.

Accordingly, the administrative law judge did not breach his duty through a failure to obtain either the VA disability rating or the additional records identified in this appeal as records from Dr. Argentos and Health for Friends. <u>Branum v. Barnhart</u>, 385 F. 3d 1268, 1271-72 (10th Cir. 2004) (administrative law judge did not breach the duty to develop the record when plaintiff's counsel failed to suggest that records were missing or request assistance in obtaining documents).

---

[2]Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

[3]This is to be distinguished from a situation in which the rating *is* in the record, but was not considered by the administrative law judge. See <u>Baca v. Dep't. of Health & Human Servs.</u>, 5 F.3d 476, 480 (10th Cir.1993) (findings by other agencies are entitled to weight and must be considered, but are not binding on the Commissioner).

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by December 5, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 15th day of November, 2006.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE